No. 3437

Second Circuit

## ALEXANDRER v. TOWN OF RUSTON

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)

Crow and Coleman, of Shreveport, attorneys for plaintiff, appellant.

Barksdale, Warren and McBride, of Ruston, attorneys for defendant, appellee.

REYNOLDS, J. Plaintiff sued defendant for $350.00, damages for alleged trespass.

She alleged that she was the owner and in possession of Lots 2 and 3 of Block 119 of Calcote Addition to the Town of Ruston, Louisiana, and that on or about May 18th to May 20th, 1927, the Town of Ruston, acting through its Mayor and town council, went upon her property without her knowledge, permission, consent or authorization and tore down the fences on and around her said property, particularly on that portion of said property described as Lot 2 of Block 119 of said Calcote Addition to the Town of Ruston, and forcibly made excavations on her said property through her yard, garden and other portions of her said premises, and cut a large ditch and laid a large sewer pipe across said property for a distance of approximately 325 feet, entailing great damage upon her and to her property.

And she itemized her alleged damages as follows:

"That the land actually appropriated is worth the sum of $100.00; that the injury to her said property in looks and appearance and the lessening of the value thereof amounts to $150.00; and the lessening of the rental value and tearing down of the fences of petitioner has caused her damages amounting to $100.00; making a total of $350.00 that the said town of Ruston is justly and legally due petitioner."

Defendant denied the allegations of the petition.

On these issues the case was tried and there was judgment rejecting plaintiff's demands as in case of non-suit and she appealed.

## OPINION

Much evidence, documentary and parol, was introduced on the trial, but none of it tends to prove any of the damages alleged. Not a single witness testified that damage to any value had been done to plaintiff's property. The burden was on

her to establish the allegations of her petition both on the fact and the amount of the damage, but she utterly failed to show that she had been damaged even at all. The judgment of the District Court dismissing her action as in case of nonsuit was therefore correct and accordingly is affirmed.